# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWAN L. RICHARDSON, | : | Civil No. 1:22-CV-00029 |
| Plaintiff, | : | |
| v. | : | |
| BRIAN S. CLARK, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff's motion to compel, Doc. 174, Defendants' brief regarding the payment of deposition transcripts, Doc. 177, and Plaintiff's motion for an extension of time to complete discovery, Doc. 179. For the following reasons, the court will grant Plaintiff's motion to compel, order Defendants to provide Plaintiff with a copy of the deposition transcripts, and extend the discovery deadline by sixty days.

### PROCEDURAL BACKGROUND AND HISTORY

The operative complaint in this matter is the third amended complaint. (Doc. 67.) The amended complaint alleges that while Plaintiff was housed at Dauphin County Prison as a pretrial detainee, he experienced abdominal pain and difficulty breathing. (*Id.*) He alleges that he complained of symptoms for several days and once he was taken to the hospital, he was diagnosed with pulmonary embolism. (*Id.*) Following extensive Rule 12(b) briefing, the remaining claims

1

include a deliberate indifference claim against Defendants PrimeCare, Drabich, Zimmerman, Burkins, and Horcher, a negligence claim against Defendants Zimmerman, Glenn, Burkins, and Horcher, and an intentional infliction of emotional distress claim against Defendants PrimeCare, Young, Macut, Zeiders-Heichel, Thomas, Drabich, Zimmerman, Glenn, Burkins, and Horcher.  (Doc. 119.)

The case is currently in discovery, which is scheduled to conclude on February 28, 2025.  (Doc. 172).  There was a status conference held on December 18, 2024, during which Plaintiff alerted the court to inadequate responses by Torrance State Hospital to his previously served subpoena.  The court instructed Plaintiff to send a motion to compel.  Also at this conference, Plaintiff requested that he be provided copies of the transcripts of the depositions of inmate witnesses by Defendants.  Following the status conference, Plaintiff filed a motion to compel his records from Torrance State Hospital, Doc., 174; Defendants filed a brief regarding the payment of deposition transcripts, Doc. 177; and Plaintiff filed a motion for an extension of time to complete discovery, Doc. 179.  On February 17, 2025, Defendants filed certificates of concurrence agreeing with the motion for extension of time to complete discovery. (Docs. 182, 183.)  The court will now address the pending motions in this action.

### A. The Court Will Grant Plaintiff's Motion to Compel.

Plaintiff requests that the court issue an order compelling Torrance State Hospital and SCI-Houtzdale to produce Plaintiff's mental health and medical records. (Doc. 174.) He alleges that on July 15, 2024, he sent a subpoena to Torrance State Hospital for copies of his mental health and medical records. (*Id.*) He states that on July 22, 2024, Torrance State Hospital Medical Records assistant Carla Matrunics responded by sending him a summary of some discharge records and requested Plaintiff complete a consent form for the full records. (*Id.*) Plaintiff alleges that he completed and returned the form on August 2, 2024. (*Id.*) He states that he has not yet received a response from Torrance State Hospital. (*Id.*) Plaintiff attached the subpoena he served on Torrance State Hospital. (Doc. 174-1.) The response from Carla Matrunics is also attached to the motion, and states that "[o]nce the consent is received and approved by a psychiatrist, an invoice will be sent to you." (Doc. 174-2.)

Plaintiff alleges that the "same above facts applies to Plaintiff's mental health records with S.C.I-Houtzdale." (Doc. 174.) Specifically, he states that he sent a subpoena to SCI-Houtzdale on June 10, 2024. (*Id.*) Plaintiff states that in August of 2024, he went to the medical department and saw Ms. April Gardner who provided him with copies of hie medical records only and told Plaintiff that he

would have to obtain his mental health records through the courts.  (*Id.*)  Plaintiff attached a copy of the subpoena he served on June 20, 2024.  (Doc. 174-3.)

The court will grant Plaintiff's motion to compel Torrance State Hospital and SCI-Houtzdale to comply with the subpoenas served on them in June of 2024.  In doing so, the court highlights that *in forma pauperis* status does not mean that the cost of discovery will be shifted to the public.  *See Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses . . ."); *see also Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (explaining that witness fees and costs are not underwritten or waived for indigent civil rights plaintiffs proceeding under 28 U.S.C. § 1915).  Therefore, any expenses associated with the production of the subpoenas will need to be covered by Plaintiff.

The court also considered the letter from Attorney John Ninosky requesting that the order requiring compliance with the subpoena include a direction that records be forwarded to Defendants' counsel as well as Plaintiff.  (Doc. 176.)  The court recognizes that Plaintiff is proceeding *in forma pauperis* and the third-party expense of producing the outstanding medical records to Defendants should not be borne by Plaintiff.  Therefore, the court will deny Attorney Ninosky's request.

Nothing in this order excuses Plaintiff from providing a copy of the records to Defendants as part of discovery.

### B. Defendants Will Provide Plaintiff a Copy of the Deposition Transcripts.

At the status conference, Plaintiff requested that he be provided with a copy of the transcripts of Defendants' depositions of inmate witnesses. Defendants raised objections based on third-party ownership of the transcripts and the expense of ordering additional copies. The court requested briefing on the issue, which Defendants filed on January 10, 2025. (Doc. 177.)

Defendants assert that "it is important to note that it is well established that 'indigent litigants bear their own litigation expenses.' *Cooley v. Merski*, C.A. 07-208 Erie, 2008 U.S. Dist. LEXIS 50271, at *18 (W.D. Pa. June 26, 2008) (citing *Tabron*)." (Doc. 177, p. 3.)[1] This court has previously recognized that, as a general rule, "[c]ivil litigants generally bear their own deposition expenses initially. A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees." *Badman v. Stark*, 139 F.R.D. 601, 606 (M.D. Pa. 1991). Here, however, Plaintiff's request "does not concern expenses to be incurred by an indigent plaintiff seeking to *take* a deposition. Here, the indigent plaintiff merely seeks a copy of stenographic

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

5

transcripts of discovery proceedings conducted *by the defendants*, for which they have already paid stenographic fees." *Davis v. Pa. Dep't of Corr.*, No. 1:16-cv-515, 2018 WL 2292755, at *3 (M.D. Pa. May 18, 2018). "Such a request is not at all unreasonable; the usual practice is for 'the other side' to be given a copy of a deposition scheduled by the opponents, once it has been transcribed." *Id.* at 606. Given this, the court will direct Defendants to provide a copy of the inmate witness deposition transcripts to Plaintiff.

### C. Plaintiff's Motion For an Extension of Time Will Be Granted.

The court received and docketed Plaintiff's motion for an extension of time to complete discovery on February 4, 2025. (Doc. 179.) Plaintiff requests an additional sixty days to complete discovery because: he transferred facilities in January and did not have access to his legal material for a period of time; DOC Defendants objected to every request for production in his fifth request and he intends to file a motion to compel; and the motion to compel addressed above was still pending at the time of his motion. (*Id.*) On February 17, 2025, Defendants filed certificates of concurrence agreeing with a sixty-day extension of the discovery deadline. (Docs. 182, 183.)

At the status conference and in the court's order that followed, the court made it clear it would only grant additional discovery time for an exceptional circumstance. (Doc. 172.) Considering Plaintiff's recent transfer and the

concurrence of the other parties, the court will grant a single 60-day extension to discovery.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to compel, order Defendants to provide a copy of the deposition transcripts to Plaintiff, and extend the discovery deadline by sixty days.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 24, 2025