IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWAN L. RICHARDSON, | : | Civil No. 1:22-CV-00029 |
| Plaintiff, | : | |
| v. | : | |
| BRIAN S. CLARK, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is Plaintiff's motion to compel, motion to appoint a forensic handwriting and computer analyst expert, and motion for an extension of time to complete discovery. (Docs. 189, 197, 202.) Plaintiff has historically filed multiple unsuccessful discovery motions and, as a result, there is a cautionary injunction against Plaintiff form filing further motions. (Doc. 152.) The court will deny all of Plaintiff's pending motions and order the parties to proceed with the motions for summary judgment.

## PROCEDURAL BACKGROUND AND HISTORY

Plaintiff initiated this action in January of 2022 by filing a complaint. (Doc. 1.) After multiple amendments, the third amended complaint is the operative complaint in this action and names two groups of defendants: employees of Dauphin County Prison ("County Defendants") and employees of PrimeCare ("Medical Defendants"). (Doc. 67.) The parties have engaged in fact discovery.

1

(Doc. 124.) Plaintiff has filed multiple discovery motions, none of which have been successful. (Docs. 62, 68, 101, 103, 128, 139, 146, 152.) Additionally, there is a cautionary injunction entered against Plaintiff precluding the filing of additional discovery motions. (Doc. 152.)

Despite this, Plaintiff filed a motion to compel discovery, requesting eleven specific productions and seeking sanctions for deleting video evidence on March 10, 2025. (Doc. 189.) Defendants filed briefs in opposition. (Docs. 194, 195, 196.) While this motion was pending, fact discovery concluded on April 29, 2025. (Doc. 187.) Plaintiff then filed a motion to appoint a forensic handwriting and computer analyst expert. (Doc. 197.) He also filed a motion for an extension of time to complete discovery. (Doc. 202.) Defendants have filed a motion to strike the motion for an extension of time to complete discovery. (Doc. 206.) The court will now address the pending motions in this action.

## DISCUSSION

**A. Plaintiff's Motion to Compel Will Be Denied.**

Plaintiff's motion to compel asks the court to order Defendants to produce eleven categories of evidence: (1) all grievances filed against Defendants; (2) policies and procedures for medical emergencies; (3) policies and procedures for investigating and deciding inmate grievances; (4) emails pertaining to Plaintiff; (5) the February or March of 2020 misconduct report; (6) individual guarantee

unredacted; (7) prior complaints about healthcare at the Dauphin County Prison; 8) inmate death reports; (9) mortality and morbidity reports; (10) "all guard" emergency requests by Defendant Glenn; and (11) DCP-A-07 Emergency Response Plan and DCP-A-02 Responsible Health Authority. (Docs. 189, 190.) Additionally, Plaintiff asks for the court to sanction Defendants for spoiling evidence. (Doc. 189, pp. 6–8.)[1] Following the motion to compel, the parties entered a stipulated protective order agreeing to the terms of how documents provided to Plaintiff in discovery are to be treated. (Doc. 193.)

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well-

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Here, the materials responsive to Plaintiff's requests either do not exist, or have been produced following the agreed upon protective order. Therefore, the motion to compel will be denied in full.

### 1. All Grievances

Plaintiff requests the production of any and all grievances filed against Defendants to demonstrate a "pattern, custom, and practice of being deliberately indifferent." (Doc. 189, pp. 1–2.) This court has repeatedly rejected requests for production of all grievances or complaints filed by inmates or staff pertaining to named defendants. *See Torres v. Harris*, No. 4:17-CV-1977, 2019 WL 265804, *4

(M.D. Pa. Jan 18, 2019) (summary of district cases). Therefore, this court will follow its past practice and deny Plaintiff's motion to compel.

### 2. Policies and Procedures

Plaintiff seeks the production of multiple policies and procedures. (Doc. 189.) Defendants state that all relevant policies and procedures either have been or will be provided following the stipulated protection order. (Doc. 194, p. 2; Doc. 196, pp. 10–11.) Therefore, the court will deny the motion to compel.

### 3. Emails

Plaintiff seeks the production of emails pertaining to him and from the employees who conducted review of any and all of his medical incidents and complaints. (Doc. 189, p. 5.) Medical Defendants allege that all emails in their possession were produced. (Doc. 194, p. 3.) County Defendants allege that they have provided "all emails that existed except for anything that is attorney client privilege or attorney work product that were relevant to issues in this case." (Doc. 196, p. 11.) Therefore, the court will deny Plaintiff's motion as to emails.

### 4. February or March of 2020 Misconduct Report

Plaintiff requests a copy of a misconduct report for an alleged threat made during a psychiatric evaluation. (Doc. 189, pp. 8–9.) The County Defendants have stated that they provided Plaintiff with "an incident report that showed that he was given 60 days of discipline for the threat." (Doc 196, p. 14.) They also state that

5

Plaintiff was provided material relating to his appeal. (*Id.*) Plaintiff seeks both the incident report and his grievance for the disciplinary report. (Doc. 189, pp. 8–9.) County Defendants stated that they, "after a diligent search[,] cannot located the incident report or grievance requested by Plaintiff." (Doc. 196, p. 14.) They further assert that the documents do not exist and reaffirm that they have produced everything they have on the subject. (*Id.*, p. 15.) "It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist." *Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor v. Harrisburg Area Comm. Coll.,* 2013 WL 6095481 (M.D. Pa. Nov.20, 2013). Therefore, Plaintiff's motion will be denied.

### 5. Redacted Individual Guarantee

Plaintiff states that the Medical Defendants provided him the Comprehensive Health Service Agreement contract, but in that contract, the "Individual Guarantee" section is redacted. (Doc. 189, p. 9.) Plaintiff argues that "there is no reasoning for an Individual Guarantee to a patient to be redacted/Blacked out." (*Id.*) This rationale fails to meet the initial burden set forth in *Goodman* that the moving party "must demonstrate the relevance of the information sought to a particular claim or defense." 553 F. Supp. at 258.

6

Therefore, the court will deny Plaintiff's request for a copy of the nonredacted contract.

### 6. Prior Complaints About Healthcare at the Dauphin County Prison

Plaintiff requests the court to compel Defendants to produce "all prior complaints about healthcare at Dauphin County Prison." (Doc. 189, pp. 9–10.) However, such a request is similar to the request for all grievances and will be denied as violating the privacy of other inmates. *See Torres*, 2019 WL 265804, at *4; *See also Montanez v. Tritt*, No. 3:14-cv-1362, 2016 WL 3035310, *4 (M.D. Pa. May 26, 2016); *Callaham v. Mataloni*, No. 4:CV-06-1109, 2009 WL 1363368, *3–4 (M.D. Pa. May 14, 2009). Therefore, Plaintiff's motion will be denied.

### 7. Inmate Death Reports and Mortality and Morbidity Reports

Plaintiff requests the reports from inmate's deaths since PrimeCare took over medical at the Dauphin County Prison and all mortality and morbidity reports. (Doc. 189, pp. 10–12.) Again, this violates the privacy of others and will be denied. *Callaham*, 2009 WL 1363368, *3–4 (M.D. Pa. May 14, 2009).

### 8. "All Guard" Emergency Requests by Defendant Glenn

Plaintiff requests the production of "All Guard" emergency requests made by Defendant Glenn on December 15, 2019. (Doc. 189, p. 12.) County Defendants state that there is no "All Guards" incident related to Plaintiff on that day. (Doc. 196, p. 20.) Defendants cannot produce documents not in their

7

possession. *Wells*, 2014 WL 5641305 at *4. The court will deny Plaintiff's motion.

### B. Plaintiff's Motion for Sanctions Will Be Denied.

As part of his motion to compel, Plaintiff includes a request for sanctions. (Doc. 189, p. 6.) Specifically, Plaintiff states that because Defendants did not retain copies of camera footage from December 15, 2019 and January 10, 2020, he seeks sanctions for "spoilation of evidence." (*Id*.)

This is not the first time Plaintiff has moved the court to sanction Defendants for the alleged destruction of evidence. The first motion was filed in March of 2023 when Plaintiff alleged that medical records were destroyed. (Doc. 68.) The court found that it was too early for the court to address the issue of spoliation because discovery had not yet commenced and thus denied the motion for sanctions. (Doc. 118.) The second time was in July of 2024 when Plaintiff alleged Defendants failed to produce court-ordered discovery. (Doc. 146) The court denied the motion finding that Defendants demonstrated that there had been no suppression or withholding of evidence. (Doc. 152.) Currently, Plaintiff is alleging that camera footage was deleted by County Defendants and County Defendants should be sanctioned for spoilation of the evidence. (Doc. 189.)

Federal Rule of Civil Procedure 37(e) applies to "electronically stored information that should have been preserved in the anticipation or conduct of

8

litigation." The Rule does not apply to information that was lost or destroyed before a duty to preserve it arose. Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Thus, the first question is whether County Defendants were under a duty to preserve the video footage from December 15, 2019 and January 10, 2020.

 Plaintiff argues in his motion that "Defendants had a duty to preserve this video evidence, when Plaintiff had serious injuries and he wrote grievances notifying the Defendants that he was seeking compensation." (Doc. 189, p. 6.) In his brief in support, Plaintiff alleges that he "filed numerous sick-call slips requesting medical treatment, grievances for denial of medical care telling defendants that he was seeking compensation, and was eventually placed in the intensive care unit from the lack of treatment." (Doc. 190, p. 5.) County Defendants argue that they "had the right to destroy this video because they were not on any notice that it should have been retained in any type of timely manner." (Doc. 196, p. 12.) They further stated that "there was no notice of any suit until years after the incident," and that "the grievances filed by Plaintiff (assuming he filed any which he refuses to admit based on his refusal to affirm his handwriting on any grievance) show that he did not request preservation of the video." (*Id.*, p. 14.) Plaintiff did not file a reply or otherwise provide details regarding requests he made to preserve the video evidence.

9

Rule 37(e) does not redefine the duty to preserve; rather, it incorporates the common-law "duty to preserve relevant information when litigation is reasonably foreseeable." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

A party "is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Mosaid Technologies Inc. v. Samsung Electronics Co. Ltd.*, 348 F. Supp. 2d 332, 336 (D. N.J. Dec. 7, 2004). This is an objective common-law standard, which asks not whether a party actually anticipated litigation, but "whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011). The "reasonably foreseeable" test "is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Bull v. United Parcel Service, Inv.*, 665 F.3d 68, 78 (3d Cir. 2012) (quoting *Micron Tech.*, 645 F.3d at 1320). It requires more than the "distant possibility" of litigation, but it does not require that litigation be "imminent, or probable without significant contingencies." *Micron Tech.*, 645 F.3d at 1320.

The duty to preserve arises no later than when a lawsuit is filed but may be triggered earlier than the filing of the complaint depending on the particular circumstances. *Bistrian v. Levi*, 448 F.Supp. 3d 454, 468 (E.D. Pa. 2020) *citing*

*Marten Transport, Ltd. v. Plattform Advertising, Inc.*, No. 14-2464, 2016 WL 492743, at *5 (D. Kan. Feb. 8, 2016) *and Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998). "There is no single bright line that definitively marks when litigation reasonably should be anticipated." *Id*.

When a party argues that spoliation occurred before the complaint was filed, as Plaintiff does here, the court must conduct a fact-sensitive inquiry to determine at what point the spoliating party reasonably should have anticipated the litigation. *Id*. Here, Plaintiff has not provided the necessary facts for the court to accomplish any factual inquiry. He denies that he authored any of the staff requests Defendants have attributed to him. (Doc. 197) (Plaintiff is alleging that the medical request forms allegedly signed by him were fabricated). Plaintiff cannot simultaneously deny the authenticity of administrative filings with the facility and then rely on the very same documents as evidence that County Defendants were put on notice of an impending litigations. Therefore, his motion for sanctions will be denied.

### C. Plaintiff's Motion for a Handwriting Expert and Computer Analyst Will Be Denied.

Plaintiff has filed a motion for appointment of a handwriting expert and computer analyst. (Doc. 200.) Federal Rule of Evidence 706 grants the court the authority to enter an order to show cause why expert witnesses should not be appointed. Nonetheless, the court maintains the discretion to exercise its authority

to appoint such an expert. *See Ford v. Mercer Cty. Corr. Ctr.*, 171 Fed. Appx. 416, 420 (3d Cir. 2006) (While Rule 706 grants district courts discretion to appoint an expert, the "policy behind the rule is to promote the jury's factfinding ability.")). An expert appointed pursuant to Rule 706 is an independent expert and not a member of any party's litigation team. *Snider*, 2020 WL 5912805, at *1 (W.D. Pa. Oct. 2020); *Rodriguez v. United States*, 2016 WL 1255920, at *2 (M.D. Pa. Mar. 28, 2016) (citing *McCracken v. Ford Motor Co.*, 392 Fed. Appx. 1, 4 (3d Cir. 2010)) (per curiam) (denying motion to appoint expert to file certificate of merit).

    The court will deny Plaintiff's motion. Here, Plaintiff seeks a handwriting expert to prove that administrative filings were forged. (*Id.*) Plaintiff may deny the documents are in his handwriting without the need of an independent expert pursuant to Rule 706. He further alleges that his medical records were deleted by non-party employees of PrimeCare and that the records presented by Medical Defendants contradict each other. (Doc. 200.) Contradictions of reports are issues of material facts that Plaintiff is free to raise in response to any motions for summary judgment Defendants may raise, and not an issue to be addressed by an independent expert pursuant to Rule 706. Therefore, Plaintiff's motion for a computer analyst will also be denied.

### D. Plaintiff's Motion for an Extension of Time to Complete Discovery Will Be Denied.

Plaintiff has filed a motion for an extension of time to complete discovery based on the late arrival of documents from Defendants, a sixth request for production of documents sent to the County Defendants on April 27, 2025, and the unresolved motion to compel. (Doc. 202.) County Defendants filed a motion to strike the motion for an extension of time. (Doc. 206.)

Plaintiff's motion will be denied. His sixth request for a production of documents sent two days prior to the April 29, 2025 discovery deadline is untimely. *See Clark v. McDonough*, No. 23-553, 2024 2701611, *4 (W.D. Pa. May 24, 2024) ("discovery is untimely when it is served at a such a point that the opponent has insufficient time to respond prior to the close of discovery.") Furthermore, nothing in Plaintiff's motion to compel was found in his favor. *See supra*. Therefore, he will not be granted additional time. Since the motion for an extension of time will be denied, County Defendant's motion to strike will be denied as moot.

## CONCLUSION

For the above stated reasons, the court will deny Plaintiff's motion to compel, motion to appoint forensic handwriting and computer analyst, and motion for an extension of time. The court will deny County Defendant's motion to strike as moot. The court will order a short extension for the filing of any motions for summary judgment based on the resolution of the above motions so near to the deadline for dispositive motions.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 9, 2025