IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWAN L. RICHARDSON, | : | Civil No. 1:22-CV-00029 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN S. CLARK, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a motion for reconsideration under Fed. R. Evid. 59(e)

brought by Antwan L. Richardson ("Plaintiff").  (Doc. 270.)  For the following

reasons, the court will deny Plaintiff's motion for reconsideration.

PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action in January of 2022.  (Doc. 1.)  The initial

complaint named thirteen defendants: (1) Brian Clark, Warden; (2) William Young

("Young"), Medical Director; (3) Doug Macut ("Macut"), Medical Director; (4)

Kayla Zeiders-Heichel ("Zeiders-Heichel"), nurse; (5) Addonna Thomas

("Thomas"), nurse; (6) Tia Drabich ("Drabich"), nurse; (7) Michael Pries,

Commissioner; (8) PrimeCare Medical, Inc. ("PrimeCare"); (9) Mark Neidigh,

Correctional Officer Captain; (10) Taylor Glenn ("Glenn")[1], Correctional Officer;

---

[1] Glenn was married on November 6, 2022, and now goes by the surname Scott.  (Doc. 214-2, p. 1.)  However, for the sake of clarity, the court will refer to her by the name she used at the time of the alleged incident, Glenn.

1

(11) John Doe 1, Correctional Officer; (12) John Doe 2, Correctional Officer; and (13) Dauphin County, Pennsylvania, supervisor. (Doc. 1.) In February of 2022, Plaintiff filed an amended complaint, which corrected the names of the John Doe defendants to Darrell Horcher ("Horcher") and Andrew Burkins ("Burkins") and changed the name of Defendant Mark Neidigh to Captain Ted Zimmerman ("Zimmerman"). (Doc. 19.)

Twelve of the named defendants filed motions to dismiss the amended complaint. (Docs. 25, 27). In response, Plaintiff filed a second amended complaint on May 13, 2022, naming the same thirteen defendants and adding Dauphin County Prison and an unidentified Dauphin County Prison Supervisor as defendants. (Doc. 36.) The pending motions to dismiss the amended complaint were denied as moot, and Defendants filed subsequent motions to dismiss the second amended complaint. (Docs. 37, 38, 39.) On February 28, 2023, this court granted Defendants' motions to dismiss the second amended complaint and granted Plaintiff an opportunity to file a third amended complaint. (Docs. 64, 65.)

On March 8, 2023, the court received and docketed Plaintiff's third amended complaint. (Doc. 67.) This third amended complaint named the same thirteen individuals identified in the second amended complaint and also named Dauphin County. (*Id.*, pp. 3–6.)[2] Thirteen of the fourteen Defendants filed motions to

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

dismiss the third amended complaint.  (Docs. 73, 77.)  The thirteen active defendants were divided into two groups: (1) the "Medical Defendants" including PrimeCare Medical, Inc., Young, Macut, Zeiders-Heichel, Thomas, and Drabich; and (2) the "Dauphin County Defendants" including Dauphin County, Clark, Pries, Zimmerman, Glenn, and Burkins.  (Docs. 73, 77.)  There was some ambiguity regarding Horcher that was resolved in April of 2024, and he was added to the Dauphin County Defendants.  (Doc. 120.)

On March 25, 2024, the court entered a memorandum and order finding that the claims of deliberate indifference against Defendants PrimeCare, Drabich, Zimmerman, Burkins, and Horcher, negligence against Defendants Zimmerman, Glenn, Burkins, and Horcher, intentional infliction of emotional distress against Defendants PrimeCare, Young, Macut, Zeiders-Heichel, Thomas, Drabich, Zimmerman, Glenn, Burkins, and Horcher would proceed.  (Docs. 118, 119.) Defendants then answered the complaint.  (Docs. 123, 125.)

On May 29, 2025, the Medical Defendants filed a motion for summary judgment supported by a statement of facts and a brief in support.  (Docs. 210, 211, 212.)  On May 30, 2025, the Dauphin County Defendants filed a motion for summary judgment supported by a statement of facts and brief in support.  (Docs. 218, 129, 220.)  On June 5, 2025, Dauphin County Defendants filed a motion to supplement their statement of material facts with a missing affidavit.  (Doc. 218.)

3

In December of 2025, Plaintiff filed briefs in opposition, which he titled replies. (Docs. 251, 254.)  On December 30, 2025, Plaintiff filed a brief in opposition to the Medical Defendants' motion for summary judgment.  (Doc. 254.)  In January of 2026, both groups of Defendants filed reply briefing (Docs. 256, 259.)

On March 30, 2026, the court entered a memorandum and order addressing the pending motions for summary judgment.  (Docs. 267, 268.)  The court granted summary judgment on the Fourteenth Amendment deliberate indifference claims against Defendants Burkins, Horcher, and PrimeCare, the negligence claims against Defendants Glenn, Burkins, and Horcher, and the intentional infliction of emotional distress claims against Defendants Glenn, Burkins, Horcher, PrimeCare, Young, Macut, Zeiders-Heichel, and Thomas.  (Doc. 268.)  The court denied summary judgment on the Fourteenth Amendment deliberate indifference claims, the negligence claims, and the intentional infliction of emotional distress claims against Defendants Zimmerman and Drabich.  (*Id.*)

On April 20, 2026, the court received and docketed Plaintiff's motion for reconsideration of the court's March 30, 2026 order with his brief in support. (Docs. 270, 271.)  Both sets of Defendants responded with briefs in opposition to Plaintiff's motion on May 4, 2026.  (Docs. 273, 274.)  Plaintiff confirmed that he did not intend to file a reply at the June 2, 2026 evidentiary hearing.  The court will now address the pending motion in full.

## STANDARD

Plaintiff does not set forth the procedural mechanism he is utilizing to raise his motion for reconsideration of the court's order.  (Docs. 270, 271.)  However, he cites the standard associated with motions filed pursuant to Fed. R. Civ. P. 59(e).  (Doc. 271, p. 1.)  Therefore, Defendants also rely on Fed. R. Civ. P. 59(e) in their responsive briefing.  (Docs. 273, 274.)

Rule 59(e) is "a device.. . . used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence.  *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case.  *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

However, Fed. R. of Civ. P. 59(e) applies to motions to alter or amend a judgment.  Here, Plaintiff is challenging the court's order granting partial summary judgment.  (Doc. 268.)  Since only partial judgment has been granted, the court has

5

yet to enter judgment on the claims.  *See* Fed. R. Civ. P. 54(b).  "[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."  *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)).  Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295.

Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'"  *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'"  *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)).  Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision.  Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as

6

a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.  A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).  Therefore, the standard the court will apply to Plaintiff's motion is broader than that allotted for Rule 59(e).  However, it is held to the same limitation, namely that it will not allow Plaintiff to relitigate issues previously before the court.

## DISCUSSION

In his motion for reconsideration, Plaintiff raises the following three arguments: (1) the court did not consider Plaintiff's responses to the Dauphin County Defendants' motions because it was mistitled on the docket; (2) the court incorrectly weighed evidence in favor of the Dauphin County Defendants when addressing claims against Defendants Burkins and Horcher; and (3) the court misinterpreted the evidence.

### A. Any Error in the Mistitling of Plaintiff's Document is Harmless.

On December 30, 2025, the court received and docketed six documents from Plaintiff: (1) Plaintiff's Reply in Opposition to the PrimeCare Defendants' Motion for Summary Judgment, Doc. 249; (2) Plaintiff's Objections to PrimeCare Defendant's Alleged Statement of Undisputed Facts, In Support of Plaintiff's Brief

7

in Opposition to PrimeCare Defendant's Motion for Summary Judgement, Doc. 250; (3) Plaintiff's Reply In Opposition to the Correctional Defendant's Motion for Summary Judgment, Doc. 251; (4) Plaintiff's Brief In Support of Plaintiff's Reply In Opposition To The Correctional Defendants Motion For Summary Judgment, which was filed under the title of "Supplement," Doc. 252; (5) Plaintiff's Objections To The Correctional Defendants Alleged Statement of Undisputed Material Facts In Support Of Their Motion For Summary Judgment, Doc. 253; and (6) Plaintiff's Brief In Opposition To The PrimeCare Defendant's Motion For Summary Judgment, Doc. 254.

In the court's March 30, 2026 memorandum addressing the pending motions for summary judgment, the court addressed these filings and concluded that Plaintiff's responses did not conform with Local Rules and that Plaintiff had not filed a brief in opposition to the Correctional Defendants' motion for summary judgment:

> Here, Plaintiff never filed briefs in opposition to the Dauphin County Defendants' motion for summary judgment. Instead, he filed what he titled to be "replies" that summarized the procedural history of each pending motion but did not present arguments concerning the motion for summary judgment. (Docs. 249, 251.) Then, he filed a brief in opposition to the Medical Defendants' motion for summary judgment. (Doc. 254.) It appears that most of Plaintiff's arguments were contained in his responses to the Defendants' statements of material fact that he characterized as "objections." (Docs. 250, 253.) Therefore, there is nothing short and concise about Plaintiff's filings in response to Defendants' statements of material facts.

> The court finds that Plaintiff's responses to Defendants' motions and statements of material fact are not in compliance with the Local Rules. As such, the court finds the Dauphin County Defendants' motion for summary judgment to be unopposed. To the extent that Plaintiff's "objections" to the statements of material fact cannot be understood to present some form of opposition to Defendants' motions, the court will not attempt to glean from the record any opposition that could be raised by Plaintiff.

(Doc. 267, pp. 9–10.)

In his motion for reconsideration, Plaintiff is arguing that the mistitling of Plaintiff's Brief in Support of Plaintiff's Reply In Opposition To The Correctional Defendants Motion For Summary Judgment as a "Supplement" on the docket resulted in the court not considering the document and incorrectly deeming the Correctional Defendants' motion for summary judgment as unopposed. (Doc. 270.)

Here, the court did not err. While Plaintiff is displeased that the court found that he did not properly oppose Defendants' motion, that finding was not the rationale for partially granting Defendants' motions. The court's March 30, 2026 memorandum clearly sets forth careful consideration of the facts on each issue and did not summarily grant judgment on any issue because the court had deemed the motion as unopposed. (Doc. 267.) Therefore, there is no error that needs to be rectified.

Furthermore, in reviewing the document at issue, the court finds that it contains the same arguments that Plaintiff presented in his other documents he

filed in response to the Correctional Defendants' motion for summary judgment. (Docs. 251, 252, 253.)  Significantly, the document does not contain additional evidence outside of what was attached to Plaintiff's objections.  (Doc. 253.)  When considering motions for summary judgment, the non-moving party bears the burden of opposing the motion and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280 288–89 (3d. Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).  The evidence before the court is the same whether Doc. 252 was considered or not.  Therefore, the arguments raised in the allegedly overlooked document have already been considered by the court. Vacating the court's March 30, 2026 order would only grant Plaintiff a second bite at the apple, which is specifically precluded under Rule 54(b).

### B. The Court Correctly Addressed the Evidence.

Plaintiff alleges that the court improperly weighed evidence when it considered the medical treatment timeline upon his arrival at the hospital.  (Doc. 271, pp. 2–4.)

In addressing the claims associated with the alleged refusal of Defendants Horcher and Burkins to allow Nurse Miller to transport Plaintiff to the ICU, the

court discussed that Defendants presented evidence in the form of affidavits from Defendant Burkins and Nurse Miller denying that the alleged interaction took place. (Doc. 267, p. 19.) The court then turned to Plaintiff's response filings, which alleged that he had misidentified the nurse involved in the alleged confrontation and pointed to the medical timeline from the hospital as evidence that Nurse Melcher was the correct individual. (*Id.*) The court then walked through the medical treatment timeline and found that Nurse Melcher met the ambulance that transported Plaintiff to the hospital, but Nurse Lauffer was the nurse who transported Plaintiff to a new room, and Nurse Miller was the individual who entered Plaintiff's arrival at the ICU. (*Id.*) Therefore, the court concluded that the evidence pointed to by Plaintiff did not support his new allegation that Nurse Melcher was delayed in transporting Plaintiff to the ICU by Defendants Horcher and Burkins. The court granted summary judgment in favor of Defendants Horcher and Burkins. (*Id.*)

When addressing a motion for summary judgment, the party moving "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The

11

non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'"  *Jutrowski*, 904 F.3d at 288–89 (quoting *Cent. Dauphin Sch. Dist.*, 765 F.3d at 268–69).

Plaintiff now argues that in considering the medical treatment timeline, the court improperly weighed evidence.  However, Plaintiff is overlooking that the operative complaint in this matter alleged an interaction between Nurse Miller and Defendants Horcher and Burkins.  (Doc. 67, p. 12.)  Defendants presented evidence that this interaction did not occur, and Plaintiff did not present evidence demonstrating that there was a dispute of material facts.  Instead, he agreed that the alleged interaction did not occur and alleged that he named the wrong nurse and the incident involved Nurse Melcher.  The court's determination that the medical treatment timeline did not support Plaintiff's assertion that Nurse Melcher was the nurse who transported him to the ICU is immaterial to the ultimate issue of fact concerning the alleged altercation with Nurse Miller.  Plaintiff should have sought leave to amend his complaint to properly identify the alleged misconduct at issue in this case rather than attempting to amend the claims through responses to motions for summary judgment.  *See* Fed. R. Civ. P. 15; Local Rule 15.1.

Therefore, the court will deny Plaintiff's motion for reconsideration premised on the court's treatment of the evidence.

**C. Deliberate Indifference and Intentional Infliction of Emotional Distress Claims Against Defendant Thomas Were Properly Addressed.**

Plaintiff alleges that the court failed to address the claims of deliberate indifference and intentional infliction of emotional distress against Defendant Thomas. (Docs. 270, 271.)

The deliberate indifference claim against Defendant Thomas was dismissed with prejudice on March 25, 2024 when the court addressed Defendants' motions to dismiss. (Doc. 119.) Therefore, that issue was not before the court when it addressed the motions for summary judgment.

The intentional infliction of emotional distress claim against Defendant Thomas was addressed in the court's memorandum and order disposing of the motions for summary judgment. (Doc. 267, pp. 31–32; Doc. 268, p. 2.) Therefore, the court will deny Plaintiff's motion for reconsideration concerning the claims against Defendant Thomas.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion for reconsideration.  An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 8, 2026